# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CAITLIN H.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-407**     (Fam. Ct. Pocahontas Cnty. Case No. FC-38-2022-D-16)

**PATRICK M.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Caitlin H.[1] ("Mother") appeals the Family Court of Pocahontas County's September 17, 2025, order denying her relocation petition. Respondent Patrick M. ("Father") and the guardian ad litem ("GAL") filed summary responses in support of the family court's decision.[2] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were never married but share a six-year-old child. They separated when the child was three years old and had not yet started school. The family court entered a temporary order in April of 2024 granting the parties 50/50 custody on a weekly basis.

On August 26, 2024, Mother filed a petition seeking court approval to relocate with her fiancé and the parties' minor child from Pocahontas County to Henrico, Virginia. She asserted that the relocation served a legitimate purpose because it offered her fiancé better and permanent employment opportunities. Mother also stated that the move would provide improved housing and a stronger support system due to her fiancé's family living in the area.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Jared S. Frame, Esq. Father is represented by Joshua P. Hardy, Esq. The GAL is Robert P. Martin, Esq.

1

On August 28, 2024, Father filed a motion requesting that the family court reconsider its April 2024 temporary order and designate him as the primary custodial parent. He argued that Mother's relocation request raised significant concerns because, to his knowledge, she remained unemployed and entirely financially dependent on her fiancé. Father further expressed concern that he had never met the fiancé, did not know his name, and had no information regarding whether he had a criminal history. Father also asserted that Mother lacked any support system in Henrico; her only support system was her mother, who lived in Covington, Virginia, approximately one hour from Pocahontas County but nearly three and a half hours from Henrico.

Father also noted that the GAL prepared a report in February 2024[3] raising similar concerns about Mother's lack of employment, dependence on her fiancé, and overall instability for both herself and the child. The GAL further observed in the report that Mother had lived at numerous locations between August 2022 and February 2024 and that her apartment at the time was in an area known in the community for drug activity and regularly frequented by law enforcement. The GAL concluded that such locations were inappropriate for Mother and child to live. The GAL had previously recommended that Father be named the child's primary custodian and advised the family court not to adopt a 50/50 parenting plan.

Father filed a second motion for reconsideration on September 13, 2024, again asking the court to reconsider its April 2024 order and asserting that additional facts had developed since he filed his original motion. He stated that, after submitting her relocation petition, Mother married her fiancé and had been permanently residing in Richmond, Virginia, since April 2024. Father further alleged that Mother engaged in conduct that disparaged his reputation and his role as the child's father, including falsely accusing him of abusing the child. He asserted that Mother admitted she refused to call the child by his name because she hates Father, and she made disparaging statements questioning the credibility and impartiality of the family court. Father additionally noted that Mother had been dishonest in her representations to the court by filing pleadings and motions claiming she lived in West Virginia when she did not. Father argued that these developments raised additional concerns regarding the parties' 50/50 parenting plan, Mother's petition, and the child's best interest; therefore, he requested primary custody of the child.

---

[3] This was the second GAL report submitted in the case. According to the record, the GAL also submitted reports on August 21, 2022 (first), December 16, 2024 (third), and August 13, 2025 (fourth). Across all reports, the GAL's concerns regarding Mother and the child remained consistent.

The final hearing on Mother's relocation petition was held on August 29, 2025. The court heard testimony from the parties, their witnesses, and the GAL, and it considered all of the GAL's reports submitted in the case. After reviewing the evidence, the court made several determinations, which it memorialized in the order presently on appeal. The court found that Mother's relocation to Virginia, coupled with the child's school age, made 50/50 custody impractical. Next, the court analyzed Mother's relocation petition and concluded that Mother failed to meet her burden of establishing the required statutory factors for relocation under West Virginia Code § 48-9-403(d) (2021).[4] On this issue, the court found that Mother established that the relocation was for a legitimate purpose. However, the court also found that she failed to show that no other reasonable alternative employment existed that would be less disruptive to the child and more consistent with the child's best interest than the proposed relocation. In support of this conclusion, the court noted that Mother offered limited evidence that the move was necessary, emphasizing her failure to show that

---

[4] On this issue, the relevant provisions of West Virginia Code § 48-9-403(d) provide:

(1) At the hearing held pursuant to this section, the relocating parent has the burden of proving that: (A) The reasons for the proposed relocation are legitimate and made in good faith; (B) that allowing relocation of the relocating parent with the child is in the best interests of the child as defined in § 48-9-102 of this code; and (C) that there is no reasonable alternative, other than the proposed relocation, available to the relocating parent that would be in the child's best interests and less disruptive to the child.

(2) A relocation is for a legitimate purpose if it is to be close to immediate family members, for substantial health reasons, to protect the safety of the child or another member of the child's household from significant risk of harm, to pursue a significant employment or educational opportunity, or to be with one's spouse or significant other with whom the relocating parent has cohabitated for at least a year, who is established, or who is pursuing a significant employment or educational opportunity, in another location.

(3) The relocating parent has the burden of proving the proposed relocation is for one of these legitimate purposes. The relocating parent has the burden of proving the legitimacy of any other purpose. A move with a legitimate purpose is unreasonable unless the relocating parent proves that the purpose is not substantially achievable without moving, and that moving to a location that is substantially less disruptive of the other parent's relationship to the child is not feasible.

3

comparable employment opportunities for her husband, a union millwright, were unavailable closer to Pocahontas County at the time of the move. The court noted further that Mother's evidence was insufficient to support her claim that the relocation would increase the household's income. As a result, the court found that Mother did not establish that relocating the child to Virginia was reasonable and it proceeded to modify the parties' parenting plan. *See* W. Va. Code § 48-9-403(d)(5).

The court performed a best-interest analysis as required by provisions of West Virginia Code § 48-9-403 and § 48-9-102 and concluded that the child's best interests were best served by designating Father as the primary custodial parent. The court based this determination on several observations drawn from the record. It found that Mother had no immediate family living near Richmond; both she and her husband testified that his parents were unwilling or unable to care for the child, and the maternal grandparents had no relationship with the child. In contrast, the child has a close relationship with his paternal grandparents, who live in Pocahontas County, and regularly provide childcare. Both parents testified that they had previously agreed the paternal grandfather would homeschool the child, and the court found the paternal grandfather's testimony credible and sincere. The court also agreed with the GAL's assessment that Mother's decision making, at times, failed to account for the child's best interests. Additionally, the court found portions of Mother's testimony lacking in credibility.

Thereafter, the court awarded Father primary custodial responsibility for the child, granted Mother regular custodial time, and modified the parties' parenting schedule.[5] [6] Mother's appeal followed.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

---

[5] Because no provision of the new parenting plan is directly challenged on appeal, it is unnecessary to discuss the plan's specifics in this decision.

[6] Based upon its ruling, the court's order dismissed Father's first and second motions for reconsideration as moot.

On appeal, Mother raises a single assignment of error. She contends that the family court erred in concluding that she failed to present sufficient evidence showing that the proposed relocation was necessary because comparable employment opportunities were not available closer to Pocahontas County. Mother asserts that the record contains substantial evidence supporting her relocation petition and argues at length in her appellate brief that the family court overlooked critical facts. We are not persuaded by Mother's argument.

At its core, Mother's argument asks this Court to reweigh the evidence, substitute its judgment for that of the family court, and reach a conclusion more favorable to her. Mother misunderstands our role as an appellate court. We review the family court's factual findings and ultimate disposition under the deferential standards outlined above, and, critically, we do not reweigh evidence or make credibility determinations. *See State v. Guthrie,* 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of the witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."); *Porter v. Bego*, 200 W. Va. 168, 173, 488 S.E.2d 443, 448 (1997) ("We have repeatedly stated that we will accord great deference to findings of fact by a family [court]."); *In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently); *Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017) ("It is within the sole province of the family court, as fact-finder, to decide issues of credibility, and this Court will not disturb those determinations.").

Here, the family court considered Mother's evidence along with a substantial volume of additional testimony and exhibits, ultimately concluding that she failed to meet her burden for relocation and that modifying the parenting plan to award Father primary custody served the child's best interests. Notably, Mother does not challenge the best-interest analysis or the modification of the parenting plan on appeal. Instead, she attempts to relitigate the court's factual findings and credibility determinations on a single statutory factor under West Virginia Code § 48-9-403(d)(1). For the reasons stated, we decline to entertain this argument. Therefore, we conclude that the family court neither clearly erred nor abused its discretion, and affirm its September 17, 2025, order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** August 6, 2026

5

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White